THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN P. HANNON, Appellant.— Motion granted and appeal dismissed. Cross motion of defendant denied. Memorandum: In September, 1966 judgment was entered in Erie County Supreme Court convicting appellant of the crime of conspiracy. Following imposition of a jail sentence defendant was released upon the granting of a certificate of reasonable doubt. In January, 1967 a motion was made by the Attorney-General to dismiss the appeal for failure to prosecute it. We denied the motion and granted defendant's cross motions (1) to enlarge time for argument to include the April 1967 Term of this court; (2) to permit argument

separately and preliminarily of an issue relating to the substitution of an alternate juror after the case had been submitted to the original panel of 12; and (3) to permit appellant to prosecute the appeal upon one complete typewritten record and five typewritten copies of an appendix. The fragmented portion of the appeal was not brought on for argument by appellant until October, 1967. In February, 1968 (29 A D 2d 826) we reserved decision on the issue preliminarily presented and directed submission of records and briefs, reproduced pursuant to CPLR 5529, setting forth all remaining issues that the parties elected to present on appeal. The order directed that such additional issues be brought "on for argument with all due diligence" and time for argument of the appeal was enlarged to the September 1968 Term. In the intervening 11 months appellant took no action to comply with these directions. The People now move anew to dismiss the appeal. Appellant cross-moves to enlarge his time to the April Term. His sole excuse for the long delay is his lack of funds to finance the appeal. We reject his excuses and find no merit to his attempted explanation of the unseemly delay. If lack of funds hindered reproduction of records and briefs a prompt application should have been made for leave to prosecute the appeal as an indigent or under this court's plenary power. Similarly, if appellant and his retained counsel were unable to resolve promptly any problem relating to legal fees the matter should have been submitted to this court with a request upon proper proof for assignment of counsel at public expense. We conclude that for a period of more than two years defendant and his counsel have treated this appeal in a most casual manner. Scarcely a step has been taken by them except by direct order of this court and those orders have been indifferently obeyed or ignored. The motion to dismiss the appeal should be granted and defendant's cross motion denied. Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.